<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

<table>
<tr>
<td>

TRUSTEES AND FIDUCIARIES of the IRON WORKERS DISTRICT COUNCIL (PHILADELPHIA AND VICINITY) BENEFIT AND PENSION PLANS *et al.*,

       Plaintiffs,

       v.

SJF IRON WORKS, INC.,

       Defendant.

</td>
<td>

No. 25cv12684 (EP) (JBC)

**MEMORANDUM ORDER**

</td>
</tr>
</table>

**PADIN, District Judge.**

Plaintiffs, Trustees and Fiduciaries ("District Council Trustees") for, on behalf of, and along with various funds, pension plans, and unions allege that Defendant SJF Iron Works, Inc. ("SJF") has refused to comply with Plaintiffs' audit requests as required by collective bargaining agreements ("CBAs") that SJF separately has entered into with the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers' Local Union No. 401 ("Local 401") and the International Association of Bridge, Structural, Ornamental, and Reinforcing Iron Workers' Local Union No. 404 ("Local 404"). *See* D.E. 1 ("Complaint" or "Compl."). Plaintiffs bring claims under Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(g)(2), and the Labor Management Relations Act of 1974 ("LMRA"), 29 U.S.C. § 185. *See id.* Plaintiffs seek attorney's fees and costs, and also request that this Court order SJF to (1) provide Plaintiffs with the requisite information for an audit; and (2) schedule a time for Plaintiffs' auditors to visit SJF premises to complete that audit. *See* D.E. 7 ("Motion" or "Mot.").

SJF was served in July 2025 and has failed to appear.  D.E. 4; *see* Dkt.  Plaintiffs now move for default judgment under Federal Rule of Civil Procedure 55(b)(2).  Mot.  The Court decides the Motion without oral argument.  *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).  For the reasons below, the Court will **GRANT in part** and **DENY in part** Plaintiffs' Motion.

## I.   BACKGROUND[1]

District Council Trustees are trustees and fiduciaries for, and on behalf of, the District Council Funds.[2]  Compl. ¶ 3.  Eight of the District Council Funds—the "ERISA Funds"[3]—are trust funds organized under LMRA Section 302(c)(5), 29 U.S.C. § 186(c)(5).  *Id.* ¶ 4.  The ERISA Funds are "multiemployer plans" and "employee benefit plans."  *Id.*

---

[1] "A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citation modified).

[2] All Plaintiffs funds referred to together as the "District Council Funds."  Because of the many Plaintiffs in this action, this Memorandum Order only discusses Plaintiffs that are either substantively mentioned in the Complaint or in Plaintiffs' motion for default judgment.  *See* Complaint at 2–4 (providing a full list of Plaintiffs).

[3] The eight ERISA Funds are: (1) Iron Workers District Council (Philadelphia and Vicinity) Pension Fund ("Pension Fund"); (2) International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers' Local Union No. 401 Supplemental Welfare Fund ("Local 401 Supplemental Welfare Fund"); (3) International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers' Local Union No. 401 Annuity Fund ("Local 401 Annuity Fund"); (4) International Association of Bridge, Structural, Ornamental, and Reinforcing Iron Workers' Local Union No. 401 Apprentice Training Fund ("Local 401 Apprentice Training Fund"); (5) International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers' Local Union No. 401 Vacation Fund ("Local 401 Vacation Fund"); (6) International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers' Local Union No. 404 Annuity Fund ("Local 404 Annuity Fund"); (7) International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers' Local Union No. 404 Apprentice Training Fund ("Local 404 Apprentice Fund"); and (8) Iron Worker Employers Association of Central Pennsylvania Industry Advancement Fund ("Local 404 Industry Fund").  Plaintiffs refer to a ninth ERISA fund, defined as the "Welfare Fund," but Plaintiffs do not define such fund.  Mot. at 3 n.2; *see* Compl.

The Philadelphia Steel Erectors' Association Industry Advancement Fund ("Local 401 Industry Advancement Fund") and the Philadelphia Steel Erectors' Drug and Alcohol Testing Fund ("Local 401 Drug Testing Fund") support and advance the interests of steel erectors in Eastern Pennsylvania and the surrounding region.  *Id.* ¶ 5.   The Iron Workers Employers Association of Central Pennsylvania established the Local 404 Industry Fund to support and advance the interests of steel erectors in Central Pennsylvania and the surrounding region.  *Id.* ¶ 6. Local 401 and Local 404 are labor unions.  *Id.* ¶ 7.

SJF is an employer and party to separate CBAs with Local 401 and Local 404.  *Id.* ¶ 8, Exs. A (the "Local 401 CBA") & B (the "Local 404 CBA") (collectively, the "Local CBAs").[4] Under the Local CBAs, SJF is required to make employee benefit contributions to Plaintiffs for work performed under the Local CBAs.  Compl. ¶ 8.  Plaintiffs allege that SJF has a contractual obligation under the Local CBAs to produce to Plaintiffs, upon request, books and records to conduct an audit of SJF's records related to its ERISA Fund obligations to Plaintiffs.  Mot. ¶ 7; s*ee* Local 401 CBA, art. VII, § 5, ¶ E; Local 404 CBA, art. VIII, § 4, ¶ A.9.

Plaintiffs provided SJF with a books and records demand for an audit on March 14, 2025. Compl.  ¶¶ 11–13, Ex. C ("Audit Demand").  Plaintiffs had attempted to contact SJF on December 3, 2024, requesting various business records.  Audit Demand.  SJF failed to respond.  Compl. ¶¶ 11–13; Mot. ¶ 8.

## II.    LEGAL STANDARD

A district court may enter default judgment against a properly served party who has failed to plead or otherwise defend an action filed against it.  *See* Fed. R. Civ. P. 55(b)(2).  Although the

---

[4] The Local 401 CBA is dated to be in effect from July 1, 2022, through June 30, 2028.  Local 401 CBA at 1.  The Local 404 CBA does not have an effective date range, but it was executed on July 1, 2024.  Local 404 CBA at 44.

judiciary's "preference [is] that cases be disposed of on the merits wherever practicable," the "entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180–81 (3d Cir. 1984) (citation omitted). The court accepts the well-pleaded factual allegations in the complaint not related to damages and must decide if the "unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Maersk Line v. TJM Int'l Ltd. Liab. Co.*, 427 F. Supp. 3d 528, 533 (D.N.J. 2019) (citation omitted). If Plaintiffs' "exhibits contradict [their] allegations in the complaint, the exhibits control." *Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 112 (3d Cir. 2018). A plaintiff must still prove damages. *Comdyne I, Inc.*, 908 F.2d at 1149.

Before granting default judgment, the court must determine whether (1) it has subject matter jurisdiction over the claims at issue and personal jurisdiction over the defendant, (2) the defendant was properly served, (3) the complaint states a sufficient cause of action, and (4) the plaintiff has proven damages. *Days Inns Worldwide, Inc. v. HH Pramukh, LLC*, No. 15-4318, 2016 WL 7231598, at *1 (D.N.J. Dec. 14, 2016) (citations omitted).

After those determinations, the court must consider "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Trs. of Int'l Union of Painters & Allied Trades Dist. Council 711 Health & Welfare Fund, Vacation Fund, & Painters Dist. Council 711 Finishing Trades Inst. v. Leo Constructing, LLC*, 718 F. Supp. 3d 436, 441 (D.N.J. 2024) (quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)) (the "*Chamberlain* Factors").

## III.    DISCUSSION

### A.    Prerequisites for Default Judgment

The Court has federal question jurisdiction over this action under ERISA, 29 U.S.C. § 1132, and under the LMRA, 29 U.S.C. § 185.  28 U.S.C. § 1331.[5]

The Court also has personal jurisdiction over SJF.  For actions brought under ERISA, a defendant need only have significant contacts with the United States as a whole for this Court to exercise personal jurisdiction.  *See Trs. of Int'l Union of Painters*, 718 F. Supp. 3d at 441–43 (collecting cases explaining that ERISA is judged on defendant's contact with the United States as a whole).  The Court has personal jurisdiction over SJF because it conducts business in the United States and maintains a business address in Kempton, Pennsylvania.  D.E. 4; Compl. ¶ 8.

In a similar vein, Congress authorized nationwide service of process for ERISA actions. 29 U.S.C. § 1132(e)(2).  Plaintiffs suing under ERISA can serve a defendant "in any other district where [the] defendant resides or may be found." *Id.*  Here, Plaintiffs served SJF on July 9, 2025, by leaving a copy of the summons and Complaint with Sam Fatzinger, an authorized agent for SJF, at SJF's Kempton, Pennsylvania business address.  D.E. 4.  Service was thus proper.  Fed. R. Civ. P. 4(e)(2)(C) (allowing service of process by delivering a copy of the summons and complaint "to an agent authorized by appointment or by law to receive service of process").

### B.    Legitimate Causes of Action

Plaintiffs have pleaded a viable ERISA claim against SJF.  Although SJF entered into the Local 401 CBA, which required SJF to produce books and records if Plaintiffs requested them,

---

[5] Because Plaintiffs have sufficiently pleaded an ERISA claim, the Court need not analyze Plaintiffs' LMRA claim.  *See Trs. of B.A.C. Loc. 4 Pension Fund v. M&N Constr. Servs., Inc.*, No. 24-425, 2024 WL 5165329, at *3 (D.N.J. Dec. 19, 2024) (foregoing LMRA analysis in default judgment when ERISA action is sufficiently pleaded); *Int'l Union of Painters v. Mazzco Enters., Inc.,* No. 13-3505, 2015 WL 7760172, at *3–5 (D.N.J. Dec. 1, 2015) (same).

SJF has failed to respond to Plaintiffs' audit requests or to provide the information necessary to conduct a payroll audit from January 1, 2022, through June 30, 2025.  Compl. ¶¶ 11–14.

An employer contributing funds to a multiemployer benefit plan governed by ERISA is required to "maintain records with respect to each of his employees sufficient to determine the benefits due."  29 U.S.C. § 1059(a)(1); *Henderson v. UPMC*, 640 F.3d 524, 528 (3d Cir. 2011) (an ERISA employer has a duty "to keep records sufficient to accurately determine what benefits are due or may be due to plan participants and, as a fiduciary, a duty to ensure that contributions were being properly provided to the plan by the employer").

SJF—an employer contributing to the ERISA Funds—is required to provide Plaintiffs sufficient documents to conduct a payroll audit.  *Bd. of Trs. of the Int'l Union of Operating Eng'rs Loc. 825 Pension Fund v. River Front Recycling Aggregate, LLC*, No. 15-8957, 2016 WL 6804869, at *6 (D.N.J. Nov. 16, 2016) ("The Supreme Court has indeed held that a benefit fund trustee has the right to conduct an audit of contributing employers under ERISA." (citing *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S. 559, 566–67 (1985))). "Trustees are entitled to use such powers as are necessary or appropriate for the carrying out of all purposes of the trust, and ERISA clearly assumes that trustees will act to ensure that a plan receives all funds to which it is entitled." *River Front*, 2016 WL 6804869, at *6 (citing *Cent. Transp., Inc.*, 472 U.S. at 559, 571) (citation modified).

Here, Plaintiffs assert that an audit of SJF's books and records is necessary to "assur[e] that [SJF] has fulfilled [its] contractual and statutory obligations to the Plaintiffs."  Compl. ¶ 15. Plaintiffs further argue that SJF's potential failure to contribute to the ERISA Funds has resulted in an unlawful interest-free line of credit to SJF.  D.E. 7-2 at 4; *see Cent. Transp., Inc.*, 472 U.S.

6

at 573 (holding that employers are prohibited from gaining temporary use of assets as an extension of credit).

Courts in this District have recognized the importance of audits in ensuring that ERISA funds are properly maintained. *See, e.g.*, *Leo Constructing, LLC*, 718 F. Supp. 3d at 445–46 (ordering employer to submit to a payroll audit); *Trs. of Int'l Union of Painters & Allied Trades Dist. Council 711 Health & Welfare Fund v. J.B.J. Mgmt. LLC*, No. 20-1052, 2021 WL 1660862, at *4 (D.N.J. Apr. 27, 2021) (same); *River Front Recycling Aggregate,* 2016 WL 6804869, at *8 (same). Indeed, "fund trustees have a fundamental duty to locate and take control of fund property—a duty for which the right to audit is crucial." *River Front*, 2016 WL 6804869, at *6 (citing *Jaspan v. Glover Bottled Gas Corp.*, 80 F.3d 38, 41 (2d Cir. 1996)) (citation modified).

Plaintiffs here have sufficiently pleaded that they entered into the Local 401 CBA with SJF, requiring SJF to "produce upon request to the Plaintiffs all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to Plaintiffs." Compl. ¶ 10. Plaintiffs submitted the signed Local 401 CBA. *See* Local 401 CBA. Per the Local 401 CBA's terms, SJF is bound by the Local 401 CBA and its books and records provisions. *See* Local 401 CBA, art. VII, § 5, ¶ E.

Plaintiffs, however, have failed to plead that SJF is subject to the Local 404 CBA. Plaintiffs claim that SJF entered into separate CBAs with Local 401 and Local 404. Compl. ¶¶ 5–7. To support this assertion, Plaintiffs attach to their Complaint the Local 401 CBA and Local 404 CBA. After close review, it appears to the Court that the Local 404 CBA is not signed by SJF and does not mention SJF. Because Plaintiffs' "exhibits contradict [their] allegations in the complaint" that SJF is bound by the Local 404 CBA, "the exhibits control." *Vorchheimer*, 903 F.3d at 112.

7

It follows that the Court cannot verify that SJF is bound by the Local 404 CBA, and therefore "Plaintiff has failed to provide sufficient evidence to support the relief requested." *See Teamsters Health & Welfare Fund of Phil. & Vicinity v. H.P. Kanady, Inc.*, No. 12-1470, 2012 WL 3185952, at \*5 (D.N.J. Aug. 2, 2012); *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Eng'rs Loc. 15, 15A, 15C & 15D, AFL-CIO by Callahan v. Midwest REM Enters., Inc*., No. 20-05896, 2021 WL 2809794, at \*4 (E.D.N.Y. July 6, 2021) (limiting the audit period because the "court c[ould] not verify whether defendant was bound by a CBA").  In short, the Court cannot consider the Local 404 CBA.

Nonetheless, Plaintiff's failure to plead the Local 404 CBA does not negate their claim as to the Local 401 CBA.  The Court finds that SJF was obligated to comply with Plaintiffs' request for a payroll audit by producing all necessary information only for obligations arising under the Local 401 CBA. Thus, Plaintiffs have pleaded a viable ERISA claim as to the Local 401 CBA. *See Leo Constructing, LLC*, 718 F. Supp. 3d at 443–44 (finding plaintiff pleaded a legitimate claim under ERISA for Defendant's failure to comply with Plaintiffs' audit requests); *Trs. of Int'l Union of Painters & Allied Trades Dist. Council 711 Health & Welfare Fund v. Sky High Mgmt., LLC*, No. 19-14638, 2020 WL 1698784, at \*4 (D.N.J. Apr. 7, 2020) (same).

### C.    *Chamberlain* Factors

The Court finds that entering default judgment against SJF is appropriate.  As noted above, the Court considers (1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct. *Chamberlain*, 210 F.3d at 164.

Plaintiffs here would suffer prejudice without default judgment because they would be unable to vindicate their contractual and statutory rights.  *See Gowan v. Cont'l Airlines*, No. 10-

1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012) (finding that plaintiff would be prejudiced without default judgment because there would be "no other means of seeking damages for the harm alleged"). Plaintiffs "have been harmed by not being allowed . . . to audit [SJF]'s records." *J.B.J. Mgmt. LLC*, 2021 WL 1660862, at *3. And if the audit were to find that SJF is indeed in possession of Plaintiffs' funds, that would harm the ERISA Funds by decreasing their ability to pay beneficiaries. *See id.* at *3 (finding that "plaintiffs have been harmed by not receiving payment").

Further, SJF has not presented a litigable defense. SJF has never answered or responded to the Complaint; thus, the Clerk of Court's default entry was proper. *See* Dkt. SJF's failure to appear or respond has both prevented Plaintiffs from prosecuting this case and left the record silent regarding any potentially asserted defense. *M&N Constr. Servs.*, 2024 WL 5165329, at *3 (finding that failure to answer shows defendant's culpability in its default). Accordingly, the Court "cannot consider any defenses" by SJF. *J.B.J. Mgmt.*, 2021 WL 1660862, at *3 ("Defendant has not presented a meritorious defense because it has not filed an answer or otherwise defended itself, which weighs in favor of granting Plaintiffs' motion for default judgment.").

And because SJF has failed to appear for over ten months since being served, the Court finds it culpable in the default. *See Trs. of Int'l Union of Painters*, 718 F. Supp. 3d at 444 (finding defendant culpable in the default and collecting cases doing the same).

### D.     Requested Relief

In addition to attorney's fees and costs, ERISA allows a court to award "other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2)(E). Plaintiffs request that this Court require SJF to (1) provide Plaintiffs with the requisite information for an audit; and (2) schedule a time for Plaintiffs' auditors to visit SJF premises to complete that audit. Mot. at 4.

9

A court-ordered financial audit is a proper way to "determine the precise amount of delinquent contributions owed to Plaintiffs." *U.A. Local 322 Pension Fund v. Direct Air LLC*, No. 16-3757, 2017 WL 5618279, at *5 (D.N.J. Nov. 21, 2017); *see Leo Constructing, LLC*, 718 F. Supp. 3d at 445–46 (ordering audit to determine potential delinquent contributions).

Accordingly, SJF must comply with a payroll audit by producing all necessary information for the period from January 1, 2022, through June 30, 2025, for obligations arising under the Local 401 CBA within **30 days** of this Order. After completing the audit, Plaintiffs shall notify SJF of any amounts owed, including unpaid contributions, interest on those contributions, and liquidated damages as allowed by ERISA. SJF must remit to Plaintiffs all amounts due within **14 days** of receiving audit results from Plaintiffs. If SJF does not pay the amounts owed, Plaintiffs shall petition the Court for judgment to be entered against SJF for all contributions, interest, and liquidated damages owed, together with an application for fees and costs. Because SJF did not sign the Local 404 CBA, Plaintiffs' audit request for funds related to the Local 404 CBA is **DENIED**. Further, the Court does not find it necessary to require SJF to allow Plaintiffs on its property to complete the audit, and Plaintiffs have not provided support or a basis for this claim. Thus, this request is **DENIED**.[6]

Plaintiffs also seek to recover attorney's fees and costs. Compl. at 7. Plaintiffs have incurred $3,722.51 in attorney's fees and costs. D.E. 7-3, Declaration of Ryan Sweeney ("Sweeney Decl.") ¶ 13. ERISA requires courts to award reasonable attorney's fees and costs in civil enforcement actions against an employer related to unpaid contributions. 29 U.S.C. § 1132(g)(2)(D). Courts perform a lodestar calculation in assessing attorney's fees to "determine

---

[6] In the event that SJF does not comply with this Court's Order, Plaintiffs may seek redress through the Court.

the reasonable number of hours expended on the litigation multiplied by a reasonable hourly rate." *United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 290 (3d Cir. 2007).  To facilitate the Court's review, Plaintiffs here must provide "fairly definite information as to hours devoted to various general activities, e.g., partial discovery, settlement negotiations, and the hours spent by various classes of attorneys." *Id.* at 291 (citation modified).

The Court has reviewed the materials Plaintiffs provided in support of the Motion and finds the requested attorney's fees and costs to be reasonable.  Plaintiffs' attorneys billed $290 per hour for 10.75 hours, totaling $3,117.50 for legal services, and $602.01 for costs related to filing and service.  Sweeney Decl. ¶ 13.  Courts have found that rate and number of hours to be reasonable. *See Trs. & Fiduciaries of Iron Workers Dist. Council (Philadelphia & Vicinity) Benefit & Pension Plans v. Penn Union Fence & Ironworks,* No. 24-00814, 2024 WL 3251718, at *5 (E.D. Pa. June 20, 2024) (finding the same amount of attorney's fees here to be reasonable); *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *5 (D.N.J. July 24, 2012) (finding attorney's fees of $2,887.50 for 10.5 hours of work at a rate of $275.00 per hour in a similar ERISA suit reasonable).

## IV.     CONCLUSION AND ORDER

For the reasons set forth above,

**IT IS**, on this __15__ day of __June__, 2026,

**ORDERED** that Plaintiffs' motion for default judgment, D.E. 7, is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Plaintiffs' request to order SJF Iron Works, Inc. to submit to a payroll audit for the period from January 1, 2022, through June 30, 2025, for obligations arising under the Local 401 CBA is **GRANTED**; and it is further

11

**ORDERED** that SJF Iron Works, Inc. shall produce all necessary payroll information for obligations arising under the Local 401 CBA to Plaintiffs within **30 days** of this Order; and it is further

**ORDERED** that SJF Iron Works, Inc. shall remit to Plaintiffs all amounts due for obligations arising under the Local 401 CBA within **14 days** of receiving Plaintiffs' audit results; and it is further

**ORDERED** that Plaintiffs' request to order SJF to submit to a payroll audit for obligations arising under the Local 404 CBA is **DENIED** *without prejudice*; and it is further

**ORDERED** that judgement is hereby **ENTERED** against SJF in the amount of $3,722.51; and it is further

**ORDERED** that Plaintiffs' request to direct SJF to schedule a time for Plaintiffs' auditors to visit SJF premises is **DENIED**; and it is finally

**ORDERED** that the Clerk of Court shall **CLOSE** this case. Plaintiffs may seek leave of Court to reopen the matter if necessary.

Evelyn Padin, U.S.D.J.

12